IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARIS LYNN McDOUGALD, | ) | CIV F 08-238  AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER ON DEFENDANTS |
| | ) | MOTION TO DISMISS UNDER |
| v. | ) | SUBMISSION |
| | ) | |
| MODESTO POLICE DEPARTMENT | ) | |
| OFFICER RAMAR, and OFFICER | ) | |
| CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This is a civil rights lawsuit filed by *pro se* Plaintiff Caris McDougald ("Plaintiff") against two Modesto Police Department police officers.  Plaintiff filed this lawsuit when he was in custody at Corcoran Prison.  A change of address form indicates that Plaintiff was paroled as of May 15, 2008.  Defendants move to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  For the reasons that follow, the motion will be denied.

## FACTUAL BACKGROUND/COMPLAINT

The complaint contains little detail, is on a prepared form, and is three pages in length. Underneath the title of "Complaint" is written "Civil Rights Act, 42 U.S.C. § 1983."  Under the "Defendants" section, Plaintiff identifies "Officer Campbell #11160" and states that Campbell is

employed as a "police officer" at the Modesto Police Department. "Officer Ramar #11097" is

identified as an additional defendant. Under the "Statement of Facts" section, Plaintiff states:

> On June 17, 2006, I was beaten[], tased, kicked and punched by Officer Campbell #11160, and Officer Ramar tased me repeatedly with his stun gun after I was incapacitated from the first entasement [sic]. Then the officers conspired together to falsify a police report to cover up their illegal action. Further, Officer Campbell and Ramer have "extreme" conflicting statement as to when, why, how, and where the attack took place.

Plaintiff states that he is seeking compensatory damages, punitive damages, and injuctive

relief.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Court is generally limited to reviewing only the complaint, but may review materials which

are properly submitted as part of the complaint and may take judicial notice of public records

outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001);

Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). A dismissal under Rule 12(b)(6)

may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged

under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri

v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). The complaint must "set forth

factual allegations, either direct or inferential, respecting all the material elements necessary to

sustain recovery under some viable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st

Cir. 2008); see Eidson v. Tennessee Dept. of Children's Servs., 510 F.3d 631, 634 (6th Cir.

2007); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984); In re Metro.

Secs. Litig., 532 F. Supp. 2d 1260, 1277 (E.D. Wash. 2007). In reviewing a complaint under

Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most

favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir.

2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that

general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific

Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

 Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

### DEFENDANTS' MOTION

Defendants argue that Plaintiff's complaint should be dismissed for several reasons.  First, to recover under 42 U.S.C. § 1983, a defendant must act "under color of state law," but the complaint contains no such allegation.  Second, 42 U.S.C. § 1983 is not a source of substantive rights and the complaint fails to articulate a claim under the Fourth Amendment.  Finally, Plaintiff was arrested and pled *nolo contendere* to violation of California Penal Code § 273.5 (domestic violence).  That conviction has not been overturned.  Accordingly, *Heck v. Humphrey*, 512 U.S. 477 (1994), prohibits Plaintiff from claiming that his arrest under Penal Code § 273.5 was without probable cause.

Plaintiff has filed no opposition or response of any kind.

1

### _____ RESOLUTION

2      "To state a cause of action under [42 U.S.C.] § 1983, a plaintiff must plead that (1) the

3   defendants acted under color of state law, and (2) deprived plaintiff of rights secured by the

4   Constitution or federal statutes." WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999).

5   "A person acts under color of state law if he exercises power possessed by virtue of state law and

6   made possible only because the wrongdoer is clothed with the authority of state law." Johnson v.

7   Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).  Additionally, since Plaintiff is proceeding *pro se*,

8   his complaint will be construed liberally.  Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1985).

9      Viewing the complaint liberally, Plaintiff is alleging that Defendants are both police

10   officers with the Modesto Police Department.  There is not an express or direct allegation that

11   Ramar and Campbell were "acting under color of state law."  Nevertheless, by identifying

12   Defendants' employer as the Modesto Police Department, alleging that Campbell is a police

13   officer, alleging that both officers tased him, and that the officers falsified a report, these facts

14   support an inferential allegation that Ramar and Campbell were "acting under color of state law."

15   See Gagliardi, 513 F.3d at 305; Johnson, 113 F.3d at 1117.

16      Similarly, Plaintiff does not expressly or directly allege that his Fourth Amendment rights

17   were violated.  However, Plaintiff states that he was beaten, kicked, and tased repeatedly even

18   though he was incapacitated after the first taser application.  Since Defendants are alleged to be

19   Modesto police officers who used force on an incapacitated individual, Plaintiff's allegations

20   support an inferential allegation that his Fourth Amendment right to be free from excessive force

21   was violated.  See Gagliardi, 513 F.3d at 305;  Drummund v. City of Anaheim, 343 F.3d 1052,

22   1056 (9th Cir. 2003).  Plaintiff has adequately pled facts, both factually and inferentially, to

23   support a 42 U.S.C. § 1983 claim against Defendants for violation of his Fourth Amendment

24   right to be free from excessive force.

25      Finally, with respect to Defendants' *Heck v. Humphrey* argument, it is unnecessary to

26   address *Heck* or its application to this case.  Defendants do not argue that an excessive force

27   claim would be barred by *Heck*, but instead focuses on a possible contention that there was no

28   probable cause to arrest.  However, the complaint contains no factual allegations, direct or

inferential, that could possibly support a claim for arrest without probable cause in violation of the Fourth Amendment.  There is no false arrest, that is an arrest without probable cause, claim in this case.

On a separate issue, the docket shows that the Modesto Police Department is a defendant. However, while the style of the complaint is somewhat confusing, the body of the complaint only identifies Officer Campbell and Officer Ramar as defendants.  Further, no allegations are made against the Modesto Police Department.  The portion of the style of Plaintiff's complaint that includes "Modesto Police Department" will be read as a description of Officers Ramar and Campbell; it will not be read is identifying a separate defendant.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendants' motion to dismiss is DENIED;

2.     Defendants may file an answer with fourteen (14) days of service of this order; and

3.     The Clerk is to remove as a party the "Modesto Police Department" from the docket.

IT IS SO ORDERED.

**Dated:    June 16, 2008**                            **/s/ Anthony W. Ishii**
                                             UNITED STATES DISTRICT JUDGE

---

[1] Through this reading of the complaint, the Court is not foreclosing any motions to amend at a later time.

5