# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIS LYNN MCDOUGALD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MODESTO POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | 1:08cv0238 AWI DLB<br><br>ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT<br><br>ORDER DENYING REQUEST FOR COUNSEL<br>(Document 26) |

　　　Plaintiff Caris Lynn McDougald ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action.

　　　On November 6, 2008, the Court held a Scheduling Conference. Defendants appeared through counsel, James Wilson. Plaintiff did not appear or otherwise contact the Court.

　　　On November 10, 2008, the Court received a letter from Plaintiff in which he indicated that he was arrested on November 5, 2008, and is now facing a parole violation. He requests an "extension" of one year. While the Court will not hold a case in abeyance for such an extended period, the Court will allow Plaintiff some time to assess his circumstances. Accordingly, Plaintiff is ORDERED to file a status report within thirty (30) days of the date of service of this order. The status report should include Plaintiff's intentions in prosecuting this action.

1

Plaintiff is also reminded of the requirement previously set forth in the Informational Order:

> A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. See Local Rule 83-182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to remail it. <u>If the address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute.</u> See Local Rule 83-183(b).

Insofar as Plaintiff requests the appointment of an attorney, his request is DENIED. A district court has the discretion to appoint counsel to represent a person unable to afford representation under 28 U.S.C. § 1915(e)(1). However, the court may only do so under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.1991). Exceptional circumstances do not exist in this action and Plaintiff's motion must therefore be denied.

IT IS SO ORDERED.

**Dated:**   **November 15, 2008**              /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE

2