# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARIS LYNN MCDOUGALD | ) | 1:08cv238 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING AS MOOT |
| | ) | PLAINTIFF'S MOTION FOR |
| v. | ) | DISCOVERY EXTENSION |
| | ) | |
| MODESTO POLICE DEPARTMENT | ) | (Document 29) |
| OFFICERS RAMAR AND CAMBPELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Caris Lynn McDougald ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant civil rights action on February 19, 2008. Since the date of filing, Defendants' motion to dismiss was denied, Plaintiff failed to appear for the November 6, 2008, scheduling conference and he has been, and is currently, incarcerated.[1]  In other words, numerous factors have combined to hamper the advancement of this action.

On December 15, 2008, Plaintiff filed a motion to extend the time for discovery. Defendants opposed the motion on December 17, 2008.  As Defendants correctly point out, the motion is unnecessary because discovery has not yet commenced.  In a civil case, discovery and trial dates are discussed at the scheduling conference and set forth in the Court's Scheduling Conference Order.  Here, though, Plaintiff did not appear at the November 6, 2008, scheduling

---

[1] Plaintiff has notified the Court of his arrest and incarceration and has filed a notice of change of address.

conference because he was arrested the prior day.  Therefore, the Court has not yet set a discovery plan or a trial date.  Plaintiff's motion is therefore DENIED AS MOOT.

Given the unusual circumstances of this action and the time it has been pending without progress, the Court believes that foregoing another scheduling conference and proceeding with a Court-determined discovery scheduling order is necessary.[2]  The discovery and scheduling order will issue by separate order.

Insofar as Defendants continually press the Court to dismiss Plaintiff's action for his failure to follow Court orders and prosecute his action, the Court declines to do so.  Plaintiff, though not always timely, has continued to keep the Court apprised of his situation.  His continued communication, combined with his pro se, incarcerated status, weighs against such a drastic remedy.

That said, Plaintiff is expected to follow Court orders to the best of his ability.  From his letters, it appears that he believes he cannot prosecute this action while incarcerated.  This is untrue.  The Court has thousands of cases brought by incarcerated plaintiffs who are able to follow the Court's orders, conduct discovery, and, in some cases, proceed to trial.  As long as Plaintiff can send and receive mail, he can conduct discovery and move this action forward.  Given the amount of instruction from this Court, Plaintiff will not be allowed as much leeway in the future.  This means that Plaintiff's failures, from this point on, may result in a recommendation that his action be dismissed.

In previous letters, Plaintiff has asked for the name and address of defense counsel, which are as follows:

>James F. Wilson, Senior Deputy City Attorney
>1010 10th Street, Suite 6300
>P.O. Box 642
>Modesto, California 95353

IT IS SO ORDERED.

Dated:   **January 8, 2009**          /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE

---

[2] Trial, if necessary, will be scheduling at a later date.