# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARIS LYNN MCDOUGALD | ) | 1:08cv238 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR APPOINTMENT OF COUNSEL |
| v. | ) | |
| | ) | (Document 38) |
| MODESTO POLICE DEPARTMENT OFFICERS RAMAR AND CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Caris Lynn McDougald ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action, filed on February 19, 2008. He alleges that Defendant Officers Ramar and Campbell violated his Fourth Amendment right to be free from excessive force.

On June 18, 2008, the Court denied Defendants' motion to dismiss the complaint. Defendants filed their answer on July 28, 2008. Discovery opened on January 12, 2009.

On July 2, 2009, Plaintiff filed a motion for appointment of counsel. Plaintiff requests counsel because he is indigent and feels that an experienced attorney could facilitate the discovery process.

**DISCUSSION**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional

1

circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. To decide whether these exceptional circumstances exist, a district court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Moreover, the legal issues involved are not overly complex as his allegations involve a single event and one cause of action. Therefore, Plaintiff's request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **July 14, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE