# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIS LYNN MCDOUGALD<br><br>Plaintiff,<br><br>v.<br><br>MODESTO POLICE DEPARTMENT<br>OFFICERS RAMAR AND CAMPBELL,<br><br><br>Defendants. | 1:08cv238 AWI DLB<br><br>ORDER REGARDING PLAINTIFF'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS<br>(Document s 51, 52)<br><br>ORDER GRANTING PLAINTIFF'S MOTION<br>FOR ISSUANCE OF SUBPOENA DUCES<br>TECUM AND PLACING PARTIES ON<br>NOTICE THAT THE SUBPOENA TO THE<br>MODESTO POLICE DEPARTMENT WILL<br>ISSUE AFTER FIFTEEN DAYS FROM THE<br>DATE OF SERVICE OF THIS ORDER<br>(Document 55) |

Plaintiff Caris Lynn McDougald ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action, filed on February 19, 2008. He alleges that Defendant Officers Ramar and Campbell violated his Fourth Amendment right to be free from excessive force.

On October 1, 2009, Plaintiff filed a motion to compel production of documents from Defendants. Specifically, Plaintiff is seeking production of citizen complaints filed against the Officers, as well as photographs taken of Plaintiff's injuries on the day of the incident.

Defendants filed their opposition on October 16, 2009, and Plaintiff filed his reply on October 13, 2009.

Pursuant to the August 10, 2009, order granting Plaintiff's request to modify the discovery order, the discovery cut off date is October 31, 2009.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Citizen Complaints*

Plaintiff seeks to compel production of specific citizen complaints filed against Officer Ramar and Officer Campbell. In his motion, he lists ten complaints filed against Officer Ramas and two complaints filed against Officer Campbell. From Plaintiff's request, it appears that the specific complaints were identified in Defendants' answers to interrogatories. Defendants objected to the request on grounds that (1) the complaints are privileged and confidential personnel records under California Evidence Code Sections 1043 and 1045; (2) the request invades Defendants' privacy rights under both the United States Constitution and the California Constitution; (3) the request is overly broad insofar as it seeks documents that are not relevant and is not limited in scope; and (4) Defendants are not the custodian of the requested documents, nor are the documents in Defendants' custody or control.

Given the clear state of the law regarding discovery of citizen complaints in section 1983 actions alleging excessive force, the Court is surprised that Defendants continue to rely on objections that do not shield the requested documents. The Court also questions whether counsel would rely on hypertechnical arguments if Plaintiff had been represented.

Defendants' reliance on California law to support objections of privilege and confidentiality is improper. In federal question cases such as this, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed.R.Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989).

Similarly, while federal courts recognize a general right to privacy, the resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. Soto v. City of Concord, 162 F.R.D. 603, 621 (N.D. Cal. 1995). "A

request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure." Id. (citing Kelly v. City of San Jose, 114 F.R.D. 653, 660-661 (N.D. Cal. 1987). As numerous federal district courts throughout California have concluded, the Court finds that any legitimate privacy interests are outweighed by the need for disclosure of the citizen complaints. Ramirez v. City of Los Angeles, 231 F.R.D. 407 (C.D. Cal. 2005); Taylor v. Los Angeles Police Dept., 1999 WL 33101661 (C.D. Cal. 1999); Soto, 162 F.R.D. at 621. The Court also notes that any privacy concerns can be addressed by a protective order.

     Defendants next object based on their belief that the request is overbroad because it does not request relevant documents and is not reasonably limited in scope as to subject matter. Defendants are incorrect. Plaintiff has limited his request to citizen complaints against Defendants involving excessive force and falsification of documents, both of which are alleged in Plaintiff's complaint. Insofar as Defendants object on relevancy grounds, the specified citizen complaints are relevant because they may reveal the defendant officers' credibility, motive and pattern of behavior. Zachary v. Stockton Police Dept., 2007 WL 1655634 (E.D. Cal. 2007) (quoting Soto, 162 F.R.D. at 615).

     Finally, Defendants object to the request because they are not the custodian of the requested records and do not have the records in their control or custody. The Court finds that Defendants have not made a sufficient showing that the documents are not in their possession, custody on control. Instead of explaining why the Officers think they cannot access information in their own personnel file, they simply set forth boilerplate objections. This is insufficient to support their questionable theory.

     In any event, actual possession of the documents is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document..." Soto, 162 F.R.D. at 620. For example, in Soto, plaintiff in a section 1983 action alleging excessive force requested documents relating to the mental, psychological or physical conditions of the defendant officers. Although the City defendant argued that responsive reports were not in their possession, custody or control, the court found that the City had the

ability to obtain City-ordered psychiatric evaluations from non-parties and therefore had "control" over the requested documents. Here, Defendants Ramas and Campbell undoubtedly have a legal right to access the citizen complaints filed against them contained in their personnel file.

Accordingly, for the above reasons, Plaintiff's motion to compel production of citizen complaints involving excessive force and/or falsification of documents against Ramas and Campbell is GRANTED.[1] Defendants SHALL produce any and all of the twelve previously identified citizen complaints that fall within this category.

*Photographs*

Plaintiff also seeks to compel production of copies of photographs of his injuries that were taken in connection with the police report. In his request for production, he references "Exhibit A" to Defendants' answers to interrogatories.

Defendants sole objection to this request is that they are not the custodian of these photographs, and the photographs are not in their custody or control. Again, Defendants have set forth only boilerplate in support of their objection.

In their opposition, Defendants state that the photographs are official employment records of the Modesto Police Department and are maintained in Defendants' personnel files. Defendants therefore argue that only the Custodian of Records for the Modesto Police Department can produce authenticated copies. It is not clear to the Court why photographs of Plaintiff's injuries, taken by the Modesto Police Department in connection with the police report, would only be found in Defendants' personnel files. Nevertheless, as explained above, it is inconceivable that Defendants' would not have access to their own personnel files. I

Although the Court believes that Defendants are obligated to produce the photographs, Plaintiff has submitted a request for a subpoena duces tecum seeking the photographs from the Custodian of Records of Modesto Police Department. Fed. R. Civ. P. 45. The Court will therefore GRANT his request for the subpoena and DENY AS MOOT this portion of the motion

---

[1] Although the request for production did not appear to include a limitation to the past five years, Plaintiff's interrogatories specifically requested complaints filed within the past five years. The Court finds this time limitation proper, but specifies that it is the five year period *prior* to the date complained of incident, June 17, 2006.

to compel.

Plaintiff is proceeding pro se and in forma pauperis, and is entitled to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after fifteen (15) days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service.

## ORDER

Plaintiff's motion to compel is GRANTED as to the request for production of citizen complaints. Defendants shall produce documents in accordance with this order within thirty (30) days of the date of this order. The October 31, 2009, discovery cut-off date will not apply to documents responsive to the requests addressed in this order.

Plaintiff's request for a subpoena duces tecum is GRANTED and his motion to compel production of the photographs is DENIED AS MOOT. As discussed above, the subpoena will issue in fifteen (15) days from the date of service of this order. Although the subpoena will issue after the October 31, 2009, discovery cut-off date, documents responsive to the subpoena are not subject to discovery deadline.

IT IS SO ORDERED.

Dated:   **October 23, 2009**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE