# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIS LYNN MCDOUGALD<br><br>Plaintiff,<br><br>v.<br><br>MODESTO POLICE DEPARTMENT<br>OFFICERS RAMAR AND CAMBPELL,<br><br>Defendants. | 1:08cv238 AWI DLB<br><br>ORDER DENYING DEFENDANTS'<br>REQUEST FOR IN CAMERA REVIEW<br>(Document 60)<br><br>ORDER CLARIFYING OCTOBER 23, 2009,<br>ORDER REGARDING PLAINTIFF'S<br>MOTION TO COMPEL<br>(Document 57) |

Plaintiff Caris Lynn McDougald ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant civil rights action on February 19, 2008.

On October 23, 2009, the Court issued an order granting Plaintiff's motion to compel production of citizen complaints involving claims of excessive force and/or falsification of documents.

Defendants, on November 2, 2009, filed a request that the Court conduct an *in camera* review of the citizen complaints prior to production. In the alternative, Defendants request that the Court 'modify' its order based on what they perceive to be the Court's misunderstanding of Plaintiff's discovery request and/or motion.

The Court understood Plaintiff's motion, and more specifically, understood that his request for production listed specific complaints, and that these specific complaints were provided by Defendants in response to an interrogatory asking for *all* citizen complaints. Likewise, the

Court understood that Plaintiff's original motion to compel was not limited to citizen complaints involving only excessive force and falsification of documents.

Defendants cite the following portion of the order:

> Defendants next object based on their belief that the request is overbroad because it does not request relevant documents and is not reasonably limited in scope as to subject matter. Defendants are incorrect. **Plaintiff has limited his request to citizen complaints against Defendants involving excessive force and falsification of documents, both of which are alleged in Plaintiff's complaint.** Insofar as Defendants object on relevancy grounds, the specified citizen complaints are relevant because they may reveal the defendant officers' credibility, motive and pattern of behavior. Zachary v. Stockton Police Dept., 2007 WL 1655634 (E.D. Cal. 2007) (quoting Soto, 162 F.R.D. at 615).

The emphasized sentence does not, as Defendants contend, evidence a misunderstanding by the Court. Rather, as the Court often does in ruling on motions to compel, the sentence acknowledges the moving party's agreement to limit the scope of the request and focuses the argument. The sentence specifically refers to Plaintiff's indication in his reply that he "only seeks complaints pertaining to excessive force, and falsifying documents. . ." In other words, the Court references the concession to demonstrate that it moots much of Defendants' argument and frame the remaining issues.

Moreover, the Court was clear that the ruling applied only to complaints regarding excessive force and/or falsification of documents. In ruling on the motion, the Court stated:

> Accordingly, for the above reasons, Plaintiff's motion to compel production of citizen complaints involving **excessive force and/or falsification of documents** against Ramas and Campbell is GRANTED. Defendants SHALL produce **any and all of the twelve previously identified citizen complaints that fall within this category**.

As the Court has clarified the order pursuant to Defendants' request, their request for an in camera review is DENIED. The time for producing the documents remains thirty (30) days from the date of service of the October 23, 2009, order.

IT IS SO ORDERED.

Dated:   **November 4, 2009**             /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE