UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| **CARIS LYNN McDOUGALD**, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **MODESTO POLICE DEPARTMENT** ) <br> **OFFICERS RAMAR, Badge # 11097 and** ) <br> **CAMPBELL, Badge # 11160,** ) <br> ) <br> Defendants. ) <br> _____ ) <br> _ ) <br> ) <br> **CITY OF MODESTO and MODESTO** ) <br> **POLICE DEPARTMENT,** ) <br> ) <br> Real Parties-in-Interest. ) <br> ) | No. 1:08-CV-00238-AWI-DLB <br><br> **PROTECTIVE ORDER** |

The court hereby imposes the attached protective order as to materials to be produced in discovery in this action from the police officer personnel files of defendants Jerry Ramar and Douglas Campbell which are maintained by the real parties-in-interest City of Modesto and Modesto Police Department.

### **PROTECTIVE ORDER**

The terms of the protective order are as follows:

1. Any document which is produced in discovery in this action from the police officer personnel files of defendants Jerry Ramar and Douglas Campbell which are maintained by the real

-1-

party-in-interest City of Modesto is hereby designated to be "confidential material."  Such designation shall be made by stamping or otherwise marking each such document prior to its production or use in this litigation as follows:

**"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER"**

2. Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (Case No.1:08-CV-00238-AWI-DLB), or in any related appellate proceeding, and not for any other purpose, including any other litigation, without the express approval of this court.

3. Confidential material may not be disclosed, except as is provided in paragraph 4, below.

4. Confidential material may be disclosed only to the following persons: (a) counsel for any moving party in the motion seeking the disclosure of the information being disclosed, or any such party who is appearing in the action *in pro se*; (b) investigative, paralegal, stenographic, clerical, and secretarial personnel employed by counsel or parties referred to in (a), above; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to discovery and/or trial in this action; (d) any outside expert or consultant retained by any party to whom disclosure has been made in connection with the action, where such disclosure is necessary to trial preparation and/or trial in the action.

Nothing in this paragraph (4) is intended to prevent officials or employees of the City of Modesto, or other authorized government officials, from having access to the documents so designated if they would have such access in the normal course of their job duties.  Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this order, information previously given to the City of Modesto with respect to what he or she saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her with "confidential material," as designated hereunder, with a copy of this order, and shall agree on the record, or in writing, that he or she has read this protective order and consents to be

subject to the jurisdiction of this court with respect to the enforcement of this order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record in this action, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

6. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered back to the City of Modesto. Provisions of this order, insofar as they restrict the disclosure and use of the material, shall remain in full force and effect until further order of this court.

7. The foregoing is without prejudice to the right of any party to this action: (a) to apply to the court for a further protective order relating to any confidential material in this action; (b) to apply to the court for an order removing the confidential material designation from any document; and, (c) to apply to the court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

8. Any party wishing to file a document filed with the court which contains "confidential material," as that term is used in this order, shall apply to the court for leave to file the document under seal pursuant to Local Rule Local Rule 39-141 as to each such filing.

In moving for leave to file documents under seal the filing party shall:

1) Request sealing only as to those documents or portions of the documents which are claimed to be confidential and entitled to protection;

2) Shall be required to show good cause exists for the sealing of the documents. A designation of Confidential pursuant to this Protective Order is insufficient, standing alone, to demonstrate good cause to file under seal.

IT IS SO ORDERED.

Dated:   **November 10, 2009**              **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE