# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIS LYNN MCDOUGALD<br><br>Plaintiff,<br><br>v.<br><br>MODESTO POLICE DEPARTMENT OFFICERS RAMAR AND CAMPBELL,<br><br>Defendants. | 1:08cv238 AWI DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document 73) |

Plaintiff Caris Lynn McDougald ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action, filed on February 19, 2008. Trial is currently set for June 29, 2010.

On July 2, 2009, Plaintiff filed his first motion for appointment of counsel. The Court denied the motion, explaining that Plaintiff's case was not one of the exceptional ones to warrant appointment of counsel. The Court also noted that Plaintiff's claim involves one event and one cause of action.

On March 1, 2010, Plaintiff filed his second motion for appointment of counsel. He contends that now that his case is set for trial, counsel should be appointed to ensure that he is adequately represented.

## DISCUSSION

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court

1

1 | for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional
2 | circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C.
3 | § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable
4 | method of securing and compensating counsel, this court will seek volunteer counsel only in the
5 | most serious and exceptional cases. To decide whether these exceptional circumstances exist, a
6 | district court must evaluate both "the likelihood of success on the merits [and] the ability of the
7 | petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."
8 | Id. (quoting Wilborn v. Escalderon 789 F.2d 1328, 1331 (9th Cir. 1986)).

The factors of Plaintiff's case have not changed. Although the case has been set for trial, Plaintiff's case is not exceptional. Again, it involves one cause of action based on one event. The Court handles pro se trials frequently and is familiar with issues related thereto. Therefore, Plaintiff's request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 8, 2010**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE