SUSANA ALCALA WOOD, SB#156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
1010 10th Street, Suite 6300
P.O. Box 642
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants Officers
Jerry J. Ramar and Douglas
Campbell, municipal employees

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CARIS LYNN McDOUGALD,<br><br>Plaintiff,<br><br>vs.<br><br>MODESTO POLICE DEPARTMENT OFFICERS RAMAR, Badge # 11097 and CAMPBELL, Badge # 11160,<br><br>Defendants. | No. 1:08-CV-00238-AWI-DLB<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "OTHER BAD ACTS" BY THE DEFENDANT OFFICERS**<br><br>Date: June 29, 2010<br>Time: 8:30 a.m.<br>Ctrm: 2<br><br>**Trial Date: June 29, 2010** |

   **COME NOW** the defendants in the above-entitled action, before voir dire examination, and seek an order from the court instructing the plaintiff and his counsel of record that the plaintiff and his witnesses are precluded from making any statement, reference, innuendo, suggestion or implication, using or inferring any acts of alleged misconduct by any named defendant herein occurring either before or after the incident giving rise to this action.

   This motion is made on the grounds that, since, as set forth in the attached memorandum of points and authorities, it is irrelevant and immaterial to any cause of action against the defendant officers whether or not either of them was the subject of any citizen's complaint, internal investigation, disciplinary action, government tort claim, civil lawsuit, or any other proceeding regarding allegations of misconduct, the plaintiff should be precluded from using any pleading, document, testimony, remark, question, or argument which might inform the jury of such facts, or raise such issues in the jurors' minds.

Since the comment on such facts, or the attempt to introduce testimony or evidence regarding such issues would be highly improper and prejudicial to the defendants, even if the court were to sustain an objection thereto and properly instruct the jury not to consider such facts, the defendants request that the court order the plaintiff to abstain from any reference, comment, or evidence, either by way of document or testimony, as to any acts of alleged misconduct by either defendant officer, or any citizen's complaint, investigation, disciplinary action, government tort claim, civil lawsuit, or other proceeding which either predates or postdates the incident giving rise to the within lawsuit, without first obtaining permission of the court, outside the presence and hearing of the jury. The court is further requested to order the plaintiff and/or his counsel to so inform their witnesses not to make any such reference to any acts of alleged misconduct by either defendant officer, or any citizen's complaint, investigation, disciplinary action, government tort claim, civil lawsuit, or other proceeding which either predates or postdates the incident giving rise to the within lawsuit, and to strictly follow these same instructions.

Date: June 4, 2010

SUSANA ALCALA WOOD
City Attorney

By: /s/
JAMES F. WILSON
Senior Deputy City Attorney

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### A PARTY MAY ATTEMPT TO PRECLUDE OR LIMIT THE INTRODUCTION OF EVIDENCE BY PRESENTING A MOTION IN LIMINE TO THE TRIAL COURT.

*See*: F.RC.P., rules 401 and 402.

The provisions that all relevant evidence is admissible, with certain exceptions, and that evidence which is not relevant is not admissible are "a presupposition involved in the very conception of a rational system of evidence." (Notes of Advisory Committee on Rules, Note to F.R.C.P. Rule 402; Thayer, Preliminary Treatise on Evidence 264 (1898).)

A motion in limine "is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence." (*Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 26 (1997).) "The scope of such motion is any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." (*Clemens v. American Warranty Corp.*, 193 Cal. App. 3d 444, 451 (1987).)

## II.

### EVIDENCE OF OTHER ACTS TAKEN BY THE DEFENDANTS IS INADMISSIBLE TO PROVE CONDUCT IN CONFORMITY WITH A CHARACTER TRAIT ON A PARTICULAR OCCASION.

Federal Rules of Evidence, rule 404, subdivision (a), with certain exceptions not relevant here, prohibits the introduction of evidence of other acts as character evidence to prove that a person acted in conformity with that character trait on a particular occasion. Rule 404, subdivision (b) does allow the introduction of this evidence for other purposes, such as motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. However, even if the evidence here in dispute is offered for such a purpose, this evidence must be excluded pursuant to Federal Rules of Evidence, rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Evidence is unfairly prejudicial if it creates "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (*Id.* (advisory committee notes).) As has been recognized, all relevant evidence is

1. inherently prejudicial. (*See, e.g., United States v. Thomas*, 676 F.2d 239, 244 (7th Cir. 1980), *cert. denied*, 450 U.S. 931 (1981).) Relevant evidence should be excluded only if it contains a risk of *unfair* prejudice that substantially outweighs its probative value.

The basic criterion is that the evidence of other bad acts must be relevant to prove an issue in the case. (*United States v. Powell*, 587 F.2d 443, 448 (9th Cir. 1978) In the instant case, as will be shown *infra.*, the evidence obtained by the plaintiff in discovery consisting of reports regarding certain prior complaints against defendant Jerry Ramar for alleged misconduct in the line of duty fails to meet the standard for admission into evidence under F.R.E., rule 404, subdivision (b).

Copies of the subject internal affairs files, Bates stamped pages 0001 through 0659, which are fairly large, will be lodged with the court for its reference in deciding this motion upon the court's direction.

### A.
### The Identity of the Alleged Wrongdoers in this Action Is Not in Contention.

In this action, the plaintiff has alleged that the individually named defendants each committed specific acts of misconduct by way of the use of excessive force against him during the course of an arrest incident. He has named the defendants, and neither has raised the defense that someone else did what the plaintiff claims was done. Rather, the defense of each defendant is that his conduct in effecting the arrest of this plaintiff was reasonable under the totality of the circumstances then present.

Because "identity" is not in issue in this action, the subject evidence should be excluded if offered on that basis as irrelevant to any issue in contention in th action. (F.R.E., rule 402.)

### B.
### Nor Are Opportunity, Preparation, or Plan in Issue Here.

Opportunity, preparation or "a common plan or design" are other methods by which the identity of the perpetrator of a particular wrong can be proven. As established above, identity is not in issue in this action, and thus allegations of prior bad acts by the defendants is not admissible here to prove any of them.

///

///

-4-

### C.
### The Prior Acts Alleged in the Discovery Materials Are Not Sufficiently Similar to the Misconduct Alleged in the Instant Case to Make Them Admissible to Establish Identity, Modus Operandi, Knowledge, or Absence of Mistake or Accident.

When prior bad acts are used to establish identity, modus operandi, knowledge, or absence of mistake or accident, such evidence simply lacks probative value unless it is sufficiently similar to the subsequent offense. (*United States v.* Hernandez-Miranda, 601 F.2d 1104, , 1108 (9th Cir. 1979; United *States v. Miller*, 874 F.2d 1255, 1269 (9th Cir. 1989).)

In the instant case, the plaintiff alleges that the defendant officers violated his rights by using excessive force upon his person during the course of an arrest.

Two of the internal affairs investigative files which were disclosed to the plaintiff in discovery involve excessive force complaints made in cases in which defendant Officer Jerry Ramar was involved. Officer Ramar's involvement in neither incident is in any way similar to the facts of the instant case.

In the first case, I.A. Number 06-033 (beginning at page 0001), Officer Ramar and Officer Mark Starr arrested the complaining party, Samuel Clemons, for refusing to sign a traffic citation. Mr. Clemons complained alleging that excessive force was used on him, however, in that incident, no force was actually used on Mr. Clemons beyond a threat to use pepper spray by Office Ramar and the application of handcuffs when Mr. Clemons surrendered rather than be pepper sprayed.

In the second case, I.A. No. 07-068 (beginning at page 0332), Calvin Ewing was arrested by Officer Manuel Corona after Mr. Ewing was found in possession of a stolen credit card and provided several different (and false) names to the arresting officer. Mr. Ewing was transported to the police station, where Officer Ramar was asked to obtain Mr. Ewing's fingerprints using a Live Scan device, so that Mr. Ewing's identity could be established.

Officer Corona used no force on Mr. Ewing, nor did Officer Ramar, who merely persisted in attempting to obtain fingerprints despite Mr. Corona's refusal to co-operate. In his contact with Mr. Ewing, Officer Ramar used no force on Ewing's person beyond merely trying to guide his fingers onto the Live Scan machine. When Officer Ramar managed to guide one of Mr. Ewing's fingers onto the Live Scan machine's sensor, he stopped further efforts, since that one fingerprint

was sufficient to establish Ewing's identity.

Because defendant Ramar did not use force in either of the above-mentioned incidents, neither incident was in any way similar to the incident giving rise to this action. The mere fact that two unsubstantiated complaints were lodged against Officer Ramar can in no way be tied to the current dispute.

Furthermore, given the lack of substance to these two "other bad acts" complaints, the admission of the fact that either complaint was made into evidence in this case would unduly prejudice defendant Ramar, and thus should be barred under F.R.E., rule 403.

### D. The Defendant Officers' Intent Is Not in Issue in the Instant Action.

The plaintiff brings this action under Title 42 U.S.C. section 1983, alleging the violation of his right to be free from the use of excessive force under the Fourth Amendment.

"An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." (*Graham v. Connor*, 490 U.S. 386, 397 (1989)

If the defendant officers' intent is not in issue in the action, evidence going to their motive or intent is irrelevant to the action, and thus inadmissible under F.R.E., rule 402.

### E. The Admission of Evidence of the Making of the Third "Other Bad Acts" Complaint Against Defendant Ramar Would Be Unduly Prejudicial.

The third "other bad acts" complaint which was disclosed to the plaintiff was I.A. Case No. 08-086 (beginning at page 0448), in which, some two years after being arrested on drug charges, Brian Daniel Chavez complained that Officers Randy Bolinger and Jerry Ramar had exaggerated evidence against him and "planted" drugs.

Subsequent to making that complaint, Mr. Chavez pled guilty to the drug charges arising from the arrest about which he had complained, and to possession of stolen property. In so doing, he conceded that his complaint against the arresting officers was false.

Defendant Ramar contends that the admission of evidence regarding this baseless complaint against him as impeachment evidence on his credibility would be unduly prejudicial, and thus should

be disallowed under F.R.E., rule 403.

**WHEREFORE**, the defendants respectfully request that this court enter the following order *in limine*:

1. That no question be asked, nor commentary, evidence or argument be admitted in the within action regarding any acts of alleged misconduct by either defendant officer, or any citizen's complaint, investigation, disciplinary action, government tort claim, civil lawsuit, or other proceeding which either predates or postdates the incident giving rise to the within lawsuit, without first obtaining permission of the court, outside the presence and hearing of the jury; and,

2. That plaintiff and/or his counsel inform their witnesses not to make any such reference to that fact, and to strictly follow these same instructions.

Date: June 4, 2010

SUSANA ALCALA WOOD
City Attorney


By: ___/s/___
JAMES F. WILSON
Senior Deputy City Attorney

Attorneys for Defendants