IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIS LYNN McDOUGALD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MODESTO POLICE DEPARTMENT OFFICER RAMAR, and OFFICER CAMPBELL,<br><br>　　　　Defendants. | 1:08-CV-238  OWW DLB<br><br>ORDER CLOSING CASE AND VACATING WRIT OF HABEAS CORPUS AD TESTIFICANDUM IN LIGHT OF NON-OPPOSED REQUEST TO DISMISS<br><br>(Doc. Nos. 80, 81, 82) |

Plaintiff is incarcerated and proceeding *pro se* in this 42 U.S.C. § 1983 case.  A jury trial is set for June 29, 2010.  On June 16, 2010, Plaintiff filed a request for the Court to dismiss this case and to not proceed with trial.  See Court's Docket Doc. No. 91.  On June 17, 2010, Defendants filed a notice of non-opposition.  See id. at Doc. No. 92.  The notice of non-opposition indicates that Defendants offered to waive costs and attorney's fees in exchange for Plaintiff dismissing his case.  See id.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

Except as provided in paragraph (1) of this subdivision of this rule, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice

Fed. R. Civ. Pro. 41(a)(2).

In examining a request for dismissal under Rule 41(a)(2), a district court "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westland Water Dist. v. United States, 100 F.3d 94, 96 (9t h Cir. 1996).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9t h Cir. 2001).  Rule 41(a)(2) does not forbid dismissal of a plaintiff's suit where a plaintiff is proceeding pro se.  See Williams v. Peralta Cmty. College Dist., 227 F.R.D. 538 (N.D. Cal. 2005) (granting a Rule 41(a)(2) dismissal where the plaintiff was pro se); Boles v. City of Manzanita, 2004 U.S. Dist. LEXIS 29335, *1 (D. Or. 2004) (same).

Here, the notice of non-opposition indicates that the parties have essentially settled this case.  Based on the notice of non-opposition, there is no prejudice to Defendants.  The Court will grant Plaintiff's requested dismissal and close this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED in its entirety as per Plaintiffs's requests for dismissal and Defendants' notice of non-opposition;

2. All currently pending dates, including the June 29, 2010 Trial Date, are VACATED and all pending motions in limine are DENIED as moot;

3. The Court's previously issued Writ of Habeas Corpus Ad Testificandum (Doc. No. 82) is VACATED as moot; and

4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

**Dated:   June 18, 2010**                             /s/ Oliver W. Wanger
                                                                   UNITED STATES DISTRICT JUDGE

2